GUILLERMO CONDE ET AL., Plaintiffs and Appellees, *v.* MUNICIPALITY OF PONCE, Defendant and Appellant.

No. 6367. Argued March 8, 1934.—Decided May 31, 1935.

*R. Atiles Moreu* for appellant.  *Fernando Zapater* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

This appeal was taken by the Municipality of Ponce from a judgment whereby it was ordered to pay to the plaintiffs a certain sum of money as damages.

The complaint was filed by the three children of Juan Conde Toro, who alleged that their father was buried in

the municipal cemetery of Ponce; that they bought the land in which their father was buried from the said municipality, enclosed it with a wooden fence, and marked it with a cross; and that subsequently, in May 1930, the Municipality of Ponce, by its employees, opened and permitted the opening of the grave in which the remains of Juan Conde were resting and allowed the body of another person to be buried in the said grave, without the consent of the plaintiffs, and thus profaned the grave and the remains of the father of the plaintiffs, as a result of which they alleged having suffered damages, which they sought to recover.

One of the grounds urged by the appellant in support of this appeal is that the judgment is contrary to the evidence.

At the trial, it was proved that Juan Conde Toro died in the afternoon of December 2, 1915, and was buried on the following day in the Ponce Cemetery which belongs to the defendant municipality; that in January of the following year (1916), the children of Juan Conde bought from the Municipality of Ponce, for $2, a lot measuring 2 meters square in the said cemetery, the boundaries of which were fixed, and in which their father was buried, and that they placed a wooden fence and cross on the said lot together with a glass-covered plaque giving the date of the death of Juan Conde Toro with the legend: "PROPERTY" underneath; that the plaintiffs sometimes went to visit their father's grave in the cemetery and that on November 2, 1930, which was All Souls Day, the daughter of the deceased went to the cemetery and found that the fence and the cross of her father's grave were not there, and that there was another cross instead which read "Francisca Arroyo, July 15, 1930," who had in fact died on that date. No evidence whatever was presented to prove that in May 1930, as alleged in the complaint, or on any other date, the employees of the municipality opened and permitted the opening of the grave of Juan Conde; nor was there evidence to show that the said grave was opened and that any person was buried there, since,

although the plaintiffs testified that another person had been buried, they did not say that they had seen such a thing. The evidence of the municipality showed that an intelligent and educated person is in charge of the cemetery and that he had no knowledge of the facts alleged by the plaintiffs.

In brief, it was not shown that the employees of the defendant municipality exhumed the remains of Juan Conde or that they removed the fence and the cross which were there; or even that said exhumation was made by any person whatsoever, or that Francisca Arroyo was buried in the ground bought by the plaintiffs, since, although the cross with her name was placed on that site by someone, this fact is not conclusive evidence that she was buried there. There was not even an attempt to prove, through the relatives of Francisca Arroyo or through persons who attended her burial, that she was buried in that spot.

The judgment appealed from must be reversed and another rendered instead in favor of the defendant.